**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DENNIS OBADO,** | **Civil Action No. 20-12820 (FLW)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **UNITED STATES GOVERMENT, et al.,** | |
| **Respondents.** | |

This matter having been opened by the filing of a *pro se* Petition for a writ of habeas

corpus pursuant to 28 U.S.C. 2241 filed by Dennis Obado ("Petitioner").  At this time, the Court

will grant Petitioner's application to proceed *in forma pauperis*.  ECF No. 1-1.  Federal district

courts are required under Rule 4 of the Rules Governing § 2254 Cases in the United States

District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and

summarily dismiss a habeas petition prior to the answer when the petition "appears legally

insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v.*

*Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where

"none of the grounds alleged in the petition would entitle [the petitioner] to relief").

Petitioner names as Respondents the United States Government, YouTube, and

Facebook, as well as John Doe individuals and entities.  *See* Petition at 1.  Petitioner generally

asserts that he is subject to an illegal notice to appear and illegal termination of immigration

benefits based on his state court conviction.[1]  *See* Petition at 2.  The Petition asserts four grounds

for relief.

---

[1] On May 31, 2002, defendant filed a petition for habeas corpus pursuant to 28 U.S.C.A. § 2254,
challenging his 1990 conviction for third-degree possession of cocaine near or on school

In Ground I of the Petition, Petitioner asserts the following:

> RESPONDENT CURRENTLY WIELDING ARTICLE II
> CONSTITUTIONAL POWER IS BELIEVED TO BE
> SUBJECTING PETITIONER TO CURRENT "EXTREME"
> ILLEGAL RESTRAINTS ON LIBERTY WHICH THE
> GENERAL PUBLIC ARE NOT SUBJECTED TO, BY
> MISREPRESENTING "RISK FACTOR" ASSESSMENT, TO
> ILLEGALLY ABUSE THE BROAD AND EXPANSIVE
> POWERS OF USA PATRIOT ACT OF 2001.

In Support of Ground One, Petitioner provides the following facts:

> The Respondents are subjecting Petitioner to coerced expulsion by
> attempting to use their main material witness, to subject Petitioner
> to extreme restraints on liberty such as forced starvation, lethal
> biological agent punishment with viruses in Petitioner's private
> residence, bans from ALDI Shopping store and other local stores,
> economic repression, social marginalization, disenfranchisement,
> illegal monopolies on lawful exercise of development of
> intellectual property rights, antitrust violations, discriminatory end
> care medical care, lifelong trial conditions 48 hours a day,
> offspring deprivation, forced starvation, car mobility deprivation.

In Ground II of the Petition, Petitioner asserts the following:

> RESPONDENTS ILLEGAL USE OF A MATERIAL WITNESS
> WHO CONSTITUTES A [sic] IDENTITY "CONFLICT OF
> INTEREST" WHICH CONFLICTS WITH UNITED STATES
> SUPREME COURT LEGAL PRECEDENT WHICH
> PRECLUDES INTERFERENCE WITH PROTECTED AREAS
> WHICH THE COURTS HAVE LONG PROTECTED FROM
> INTERFERENCE, WHICH VIOLATES THE FOURTH
> AMENDMENT.

In support of this Ground for relief, Petitioner provides the following facts:

> Respondents illegal use of their main material witness, who was
> not enjoined in the previous 2017 habeas corpus proceedings, is

---

property, N.J.S.A. 2C:35–7(a), which the federal district court dismissed because defendant was no longer in custody.  *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (affirming denial of COA).  Petitioner has also filed four petitions for postconviction relief ("PCR") in state court, asserting that his plea attorney was ineffective because he did not properly advise defendant of the deportation consequences of his guilty plea in 1990, and each PCR was dismissed as untimely.  *See State v. Obado*, 2017 WL 694717, at *1 (N.J. Super. App. Div. Feb. 22, 2017) (explaining procedural history and denying Petitioner's fourth PCR).

procedurally precluded from participating in a subsequent controversy, since in the previous Petition for writ of habeas corpus proceedings in 2017, the Respondent currently wielding Article II Constitutional power deceptively withheld this favorable material witness, who was the actual party who was designated to cause Petitioner harm, and to engage in thirty years of repressive illegal search and seizures of Petitioner's property, and lawfully secured intellectual property, who Respondents withheld the identity of this main informer, who's [sic] material testimony was required for fair determination of the issues.

In Ground III of the Petition, Petitioner asserts the following:

CURRENT RESPONDENT WIELDING ARTICLE II CONSTITUTIONAL POWER, IS ENGAGI[NG] IN ABUSE OF POWER BY VIOLATING THE SEPARATION OF POWERS CLAUSE, BY DELEGATING LETHAL PUNISHMENT POWER OF THE JUDICIAL BRANCH, TO AN ILLEGAL ALIEN WHO IS NOT A U.S. CITIZEN, DELEGATED BY CONSTITUTION TO PUNISH PETITIONER, AND SUPPRESS INTELLECTUAL PROPERTY R[.]

Petitioner provided the following facts in support of this ground for relief:

The Respondents misrepresented risk factor assessment to apply the "USA Patriot Act of 2001 against Petitioner, when Petitioner is not a 911 terrorist, as a known Christian from Africa. The Respondents used a false pretext of 911 dragnet, to illegally use the "broad and expansive" powers of the "Patriot Act" to illegally gain access to Petitioner's proprietary documents, by abusing domestic electronic surveillance to use Petitioner as an African slave, by the use of Respondents insular group of elite professionals, to gain access to Petitioner's lawful intellectual property ideas, to use the color of law of the Office to operate an illegal racketeering and extortion operation, which went from terrorism investigation, to economic exploitation.

Finally, in Ground IV of the Petition, Petitioner asserts the following:

CURRENT RESPONDENT WIELDING ARTICLE II CONSTITUTIONAL POWER IS ABUSIN[G] POWER BY SUBJECTING PETITIONER TO "CRUEL AND UNUSUAL" PUNISHMENT, BY SUBJECTING PETITI[TIONER] TO DAILY EXPOSURE TO LETHAL BIOLOGICAL AGENT PUNISHMENT BY USING CORPORATIONS TO INFE [sic] FOOD AND BEVERAGES WITH HARMFL BIOLOGICAL AGENTS, TO CAUSE HARM TO PETITIONER[.]

In the relief section, Petitioner asks for the following relief:

3

> Request for all injunctive relief, including lifting of ALDI store
> ban, enact voting rights, ban illegal search and seizures of
> Petitioner's confidential proprietary documents in Petitioner's
> house, dismiss all FISA warrants with prejudice, vacate all
> executive orders authorizing lifelong domestic electronic
> surveillance, grant order of protection against all further lethal
> biological agent punishments in Petitioner's private residence by
> all Respondents, relief in State Criminal Courts, USCIS agencies,
> intellectual property protection.

The nature of Petitioner's grievances against the government and private entities are unclear. It is clear, however, that Petitioner has not established that he is "in custody" as required for habeas jurisdiction. Indeed, in 2017, Petitioner filed a similar petition seeking relief under § 2241. *See Obado v. United States Gov't*, No. 17-1943, 2017 WL 1536418, at *1 (D.N.J. Apr. 27, 2017), dismissal aff'd, No. 17-2116, 2017 WL 5564552 (3d Cir. Aug. 9, 2017). On April 27, 2017, the District Court summarily dismissed Petitioner's amended habeas petition for lack of jurisdiction finding that Petitioner was not "in custody" at the time he filed his habeas petition. *See id.* at *2. On appeal, the Third Circuit agreed and affirmed. *See Obado*, 2017 WL 5564552, at *1. Petitioner's current § 2241 Petition suffers from the same defect as it did in 2017; Petitioner has not established that he "in custody." *See Obado*, 2017 WL 1536418, at *2.

The "in custody" requirement is "the passport to federal habeas corpus jurisdiction." *Bonser v. Dist. Attorney Monroe Cty.*, 659 F. App'x 126, 127 (3d Cir. 2016) (quoting *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971)). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973). The "in custody" language does not require that a prisoner be physically confined, but does require significant restraints on liberty along with continuing government supervision. *See e.g., Jones v. Cunningham*, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir.

4

2003) ("The meaning of 'custody' has been broadened so that it is no longer limited in the §

2254(a) context to physical custody alone but also applies where individuals are subject both to

'significant restraints on liberty . . . which were not shared by the public generally,' along with

'some type of continuing governmental supervision.'") (citing *Barry v. Bergen County Probation*

*Dept.*, 128 F.3d 152, 160 (3d Cir. 1997)); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989)

(prisoner placed on parole is still in custody because his "release from physical confinement

under the sentence in question was not unconditional; instead, it was explicitly conditioned on

his reporting regularly to his parole officer, remaining in a particular community, residence, and

job, and refraining from certain activities"); *Hensley*, 411 U.S. at 351 (release on own

recognizance constitutes custody because, among other things, petitioner is subject to "restraints

not shared by the public generally," the obligation to appear at times and places ordered by a

court, and because "[h]is freedom of movement rests in the hands of state judicial officers").

The "'in custody' jurisdictional requirement is determined as of the date the petition is filed in

the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir.

1975) (citations omitted).

Despite Petitioner's conclusory references to restraints on his liberty, he is not

incarcerated, on parole (or a similar status), in immigration detention, or seeking release from

illegal custody.  Rather, he purportedly seeks to enjoin Fourth Amendment violations, including

alleged searches and seizures in his home and alleged electronic surveillance, dismiss FISA

warrants, end the alleged use of forced starvation and biological agents against him, and lift a

ban against him at ALDI stores.  Although he also challenges his state-court criminal conviction,

a federal habeas petitioner must be in custody under the conviction he is attacking at the time the

habeas petition is filed.  *See Obado*, 328 F.3d at 717 (citing *Maleng*, 490 U.S. at 490-92).  As the

Third Circuit explained to Petitioner in 2003, he may not challenge his 1990 state-court conviction though a federal habeas petition, because his sentence and period of supervision have long expired.  *See id.* at 718.  Finally, Petitioner appears to challenge the issuance of a notice to appear and the termination of unspecified immigration benefits.  But these occurrences, if not accompanied by some significant restraint on Petitioner's liberty and ongoing supervision, are also insufficient to meet the "in custody" requirement.  For all these reasons, the Petition is subject to dismissal for lack of jurisdiction because Petitioner fails to meet the "in custody" requirement for habeas relief.

Petitioner has also requested the appointment of pro bono counsel.  *See* ECF No. 2. There is no right to counsel in habeas proceedings.  *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254.  However, 18 U.S.C. § 3006A(a)(2)(B) provides he court has discretion to appoint counsel where "the court determines that the interests of justice so require."  In *Reese*, the Third Circuit explained in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  *Reese*, 946 F.2d at 263-64.  The appointment of counsel is not warranted in this case because this matter is subject to dismissal at screening.

**IT IS**, therefore, on this   1st   day of  February 2021,

**ORDERED** that the request to proceed *in forma pauperis* is **GRANTED** (ECF No. 1-1); and it is further

6

**ORDERED** that the Petition is dismissed at screening pursuant to Rule 4 for lack of jurisdiction because Petitioner fails to meet the "in custody" requirement for habeas relief under 28 U.S.C. § 2241; and it is further

**ORDERED** that the motion for pro bono counsel is **DENIED** (ECF No. 2); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file and **CLOSE** this matter accordingly.

_s/Freda L. Wolfson_
Freda L. Wolfson
U.S. Chief District Judge